## ALFRED WILLIAMS *v.* DIODATE HUBBARD *et al.*

There are two classes of cases in which a judgment creditor may come into Chancery for relief. 1st, In aid of his execution at law. 2d, To have his judgment satisfied out of *choses in action,* or other property of the debtor not liable to execution.

In the first class of cases, he must show that an execution has been issued, but it is not necessary to show that it has been returned.

In the second class the bill must show that an execution has been issued and returned unsatisfied, in whole or in part; and this should be shown by the officer's return.

An officer's return, to be sufficient for this purpose, must be such as, if untrue, would render him liable for a false return.

A return of an execution unsatisfied by direction of the party suing it out, is not sufficient for this purpose.

A judgment creditor's bill may be filed for the double purpose of aiding an execution, and reaching property which is not subject to execution.

A general demurrer will be overruled, unless good as to the whole of the bill.

THIS was a general demurrer to a judgment creditor's bill.

The bill stated, that in March, 1841, the complainant obtained a judgment in the Circuit Court for the county of Oakland, against the defendants, Hubbard and Cooper, for $209.85, on which he sued out an execution on the 27th of April following, and placed it in the hands of the sheriff, whose return was in these words: "That the said Diodate Hubbard had goods and chattels in his possession on which he had levied, but that said defendant alleged that they were mortgaged and not his property, and by direction of the plaintiff he returned the execution unsatisfied, and that said Hubbard and Cooper had no goods and chattels, lands or tenements whereof he could make the said damages and costs or any part there-

of." The complainant thereupon filed his bill in this Court setting forth the judgment, execution, and return, and charging that Hubbard and Cooper had equitable interests and things in action of the value of $100, and more, that could not be reached by execution at law, &c., and that Hubbard had conveyed certain real estate described in the bill to the defendant Mooney, for the purpose of defrauding the complainant, and his other creditors, and praying a discovery and the appointment of a receiver, and for other and further relief. The defendants demurred.

*A. H. Hanscom,* in support of the demurrer.

*J. B. Hunt,* contra.

THE CHANCELLOR. There are two classes of cases in which a judgment creditor may come into this Court for relief. *First,* In aid of his execution at law ; as to set aside an incumbrance or a transfer of property made to defraud creditors. *Second,* To have his judgment paid out of *choses in action,* or other property of the debtor not liable to execution. *Beck* v. *Burdett,* 1 *Paige R.* 305. Relief is given in these two classes of cases on different principles. In the first class, on the ground of fraud ; and in the other, on the ground that the complainant has exhausted his remedy at law, and that it is inequitable and unjust for the debtor, under such circumstances, to refuse to apply any *choses in action,* or other property belonging to him not liable to execution, in payment of the judgment.

To entitle a party to the aid of this Court in the first class of cases, an execution must have been issued, but it is not necessary that it should have been returned ; *Clarkson* v. *De Peyster,* 3 *Paige R.* 320 ; *McElwain* v. *Willis,* 9

*Wend. R.* 548 ; or, if it has been, that a new execution has been taken out. The right to come into this Court for relief in this class of cases, is complete the moment an execution is issued. The fraudulent conveyance then works an injury to the creditor, by hindering and delaying him in the collection of his judgment. But when the creditor asks to have his judgment satisfied out of property belonging to the debtor, not liable to execution, he must show not only that an execution has been taken out, but that it has been returned unsatisfied in whole or in part. This should be shown by the officer's return to the writ, which, to be a good and sufficient return for that purpose, should be such a return as would subject the officer to an action at the suit of the debtor, for a false return, if a bill should be filed against him in this Court, when he had property that might have been levied on and sold to satisfy the execution. The officer's return in the present case shows that Hubbard had goods and chattels in his possession, which were levied on, but that they were mortgaged; and that the execution was returned unsatisfied by the directions of the complainant, and not on the personal responsibility of the officer, as it should have been to make him accountable for a false return. A party suing out an execution, may, if he chooses, direct it to be returned unsatisfied, but he cannot afterwards turn round and sue the officer for a false return, or file a bill in this Court to have his judgment satisfied out of *choses in action* belonging to the debtor. The demurrer would therefore be good, if this were the sole object of the complainant's bill.

It is not unusual for judgment creditor's bills to be so framed as to include the two classes of cases I have mentioned ; and there appears to be no objection to such a course. The debtor might not have sufficient *choses in*

*action* to satisfy the judgment, and in that event it would be necessary to file a second bill to set aside fraudulent conveyances made by him, if the two could not be united in the same bill. The complainant's bill is a bill of this description. There-is no special prayer, it is true, to set aside the conveyance from Hubbard to Mooney, but un-der the general prayer for other and further relief the complainant would be entitled to have it set aside, if it should turn out on the final hearing, to have been made to defraud creditors. To this part of the bill the demurrer is bad. It must therefore be overruled, it not being a good defence to the whole bill.

Demurrer overruled.